UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

In re:

DON BRADY

    Debtor

Case No. 11-01050

MID-CONTINENT CASUALTY COMPANY,

    Plaintiff,

v.

Adv. Pro. No. 11-00059

DON BRADY

    Defendant.

**ORDER DENYING SUMMARY JUDGMENT**

Irvin Grodsky, Attorney for the Debtor, Mobile, Alabama
Thomas L. Selden, Attorney for the Plaintiff, Mobile, Alabama

This matter is before the Court on the Motion for Summary Judgment of Plaintiff Mid-Continent Casualty Company. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. The Court has the authority to enter a final order pursuant to 28 U.S.C. § 157(b). For the reasons indicated below, Mid-Continent Casualty Company's Motion for Summary Judgment is DENIED.

FACTS

The Debtor filed for Chapter 7 bankruptcy relief on March 17, 2011. He is an officer and 7% shareholder in Don Brady Construction, Inc. ("DBC"). His specific title with DBC is Secretary/Treasurer and, pursuant to that position, he had the legal authority to sign checks on the company's bank accounts. The Debtor asserts that he had no involvement with DBC's

1

finances. Rather, he submits that he worked in the field and supervised construction performed by DBC.

Mid-Continent Casualty Company ("MC") served as surety for DBC with regard to various Federal construction contracts. MC issued payment and performance bonds on behalf of DBC. Prior to the issuance of those bonds, DBC, as Principal, and the Debtor as an Indemnitor, executed a General Application and Agreement of Indemnity ("Indemnity Agreement") in favor of MC. Among other things, it contained a "Trust Fund Provision" that obligated the Principal to put all funds received under any contract covered by MC's bonds in trust "for the benefit and payment of all persons to whom the Principal incurs obligations in the performance of such contract, for which [MC] would be liable under the Bond." MC, as surety, could look to the trust to satisfy any claims it paid pursuant to its bonds.

MC alleges that the Debtor used the trust funds "for purposes other than paying subcontractors, suppliers, laborers and materialmen." Moreover, MC claims that DBC cannot account for at least $1,574,230.29 in funds received pursuant to contracts covered by MC's bonds. MC submits that it has received claims pursuant to the bonds issued and has made a number of payments and incurred substantial expenses. MC estimates losses due to DBC's actions in excess of $1,574,230.29.

MC asserts that the Debtor's actions violated the Indemnity Agreement. MC claims that the Debtor was a fiduciary under the Indemnity Agreement and misused trust funds in dereliction of his duty as a fiduciary. As such, MC seeks to deny the Debtor's discharge as to funds owed to MC for defalcation of trust funds while acting in a fiduciary capacity.

## LAW

A motion for summary judgment is controlled by Rule 56 of the Federal Rules of Civil Procedure, which is applicable to bankruptcy proceedings pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure. A court shall grant summary judgment to a moving party when the movant shows that "there is no genuine issue as to any material facts and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056(c). In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2502, 91 L.Ed. 2d 2020 (1986), the Supreme Court found that a judge's function is not to determine the truth of the matter asserted or weight of the evidence presented, but to determine whether or not the factual disputes raise genuine issues for trial. *Anderson*, 477 U.S. at 249-50. In making this determination, the facts are to be looked upon in the light most favorable to the nonmoving party. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed. 2d 265 (1986); *Allen v. Bd. Of Public Educ. for Bibb County*, 495 F.3d 1306 (11th Cir. 2007). The moving party bears the burden of proving there is no issue as to any material fact and that judgment should be entered as a matter of law. Fed. R. Bankr. Pro. 7056.

MC asserts that it is entitled to summary judgment pursuant to 11 U.S.C. § 523(a)(4). In relevant part, that section states that discharge will be denied with regard to a debt deriving from "fraud or defalcation while acting in a fiduciary capacity." "[D]efalcation refers to a failure to produce funds entrusted to a fiduciary." *In re Bullock*, 2012 WL 446279, at *3 (11th Cir. February 14, 2012) (quoting *Quaif v. Johnson*, 4 F.3d 950, 955 (11th Cir. 1993)). The 11th Circuit in *In re Bullock* recently held that "defalcation requires a known breach of a fiduciary duty, such that the conduct can be characterized as objectively reckless." *Id*. at *5. Thus, for the Court to

grant summary judgment in favor of MC, it must be shown, as a matter of law, that the Debtor (1) was a fiduciary and (2) he recklessly breached a known fiduciary duty.

The Court finds that the Debtor was not a fiduciary. MC argues that the terms of the Indemnity Agreement create an express trust. However, those terms do not create an express trust with the Debtor. The Debtor is defined in the document as an Indemnitor. The trust provision of the Indemnity Agreement speaks specifically to the duties of the Principal. It imposes no fiduciary duty on any Indemnitor. The Principal under the Indemnity Agreement is DBC, not the Debtor. Thus, whether an express trust was created or not, the Debtor was not bound by any fiduciary obligations under the Indemnity Agreement. That fact alone precludes summary judgment pursuant to § 523(a)(4).

MC argues that the Debtor's status as a corporate officer creates a fiduciary duty because the Indemnity Agreement between MC and DBC created an express trust. Relying on *In re Manzo*, 106 B.R. 69, 72 (Bankr. E.D. Pa. 1989), MC explains that generally corporate officers or shareholders are not liable under § 523(a)(4), but that an exception exists when the underlying corporation enters an express trust with a corporate creditor. *Manzo* is distinguishable from this case. As an initial matter, *Manzo* was not decided upon a motion for summary judgment. Further, the court in *Manzo* relied on facts not present in the instant case. The debtor in *Manzo* was a 95% owner and president of an insurance agency that entered into a contract to indemnify the creditor-plaintiff. He extended a personal guarantee to the plaintiff in conjunction with the indemnification agreement. The court in *Manzo* also found that the debt arose from a clear failure to account for the entrusted funds. In the instant case, those facts are not present. The Debtor here had little to do with the finances of DBC and was merely a 7% percent owner of the company. Further, the Debtor did not personally guarantee any obligations to MC. The exception

4

detailed in *Manzo* does not apply to this case. Thus, this Court will not infer an express trust and accompanying fiduciary relationship between the Debtor and MC.

In addition, the Debtor's actions were not shown to be reckless as required by *In re Bullock*, *supra*. The evidence shows that the Debtor's actions were at most negligent. DBC was charged with maintaining funds received from contracts insured by MC's bonds, not the Debtor. No evidence was presented that the Debtor knew the funds were not being segregated or that his lack of knowledge could be characterized as reckless. Therefore, summary judgment should be denied on that basis as well.

THEREFORE, it is ORDERED that

1. Mid-Continent Casualty Company's Motion for Summary Judgment is DENIED;

2. This case is set for pretrial hearing on Tuesday, March 13, 2012 at 8:30 am.

Dated:   February 27, 2012

_____
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE